No. 23-2309

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE
OF THE CHIPPEWA INDIANS OF THE BAD RIVER RESERVATION,
*Plaintiff and Counter Defendant – Appellee,*

and

NAOMI TILLISON, in her official capacity,
*Counter-Defendant.*

v.

ENBRIDGE ENERGY COMPANY, INC., and
ENBRIDGE ENERGY, L.P,
*Defendants and Counter-Claimants – Appellants,*

Appeal from the United States District Court
for the Western District of Wisconsin,
Case No. 19-cv-602-wmc (Hon. William M. Conley)

**BAD RIVER BAND OF THE LAKE SUPERIOR TRIBE OF CHIPPEWA INDIANS'
RESPONSE TO DOCKETING STATEMENT**

## RESPONSE TO DOCKETING STATEMENT

Appellant Enbridge's docketing statement is neither complete nor correct with respect to two of Enbridge's counterclaims. Accordingly, and pursuant to Seventh Circuit Rule 3(c)(1), Appellees Bad River Band of the Lake Superior Tribe of Chippewa Indians of the Bad River Reservation and Naomi Tillison, Director of the Mashkiiziibii Natural Resources Department of the Bad River Band, in her official capacity, submit this complete, correct docketing statement and jurisdictional summary in response.

1. <u>District court jurisdiction over Bad River Band claims.</u> Appellees do not dispute Enbridge's assertion that the district court had jurisdiction over the Band's claims. The Band brought claims in the district court against Enbridge for public nuisance under federal common law and Wisconsin law, trespass under federal common law, ejectment under federal common law, tribal regulatory authority under federal common law and treaties, and unjust enrichment under federal common law. The district court had subject matter jurisdiction over the Band's claims pursuant to 28 U.S.C. §§ 1331 and 1362 because the action arose under the Constitution, treaties, and laws of the United States, and because the claims were brought by an Indian band with a governing body duly recognized by the Secretary of the Interior. The district court had supplemental jurisdiction over the claim arising under Wisconsin law pursuant to 28 U.S.C. § 1367.

2. <u>District court jurisdiction over Enbridge counterclaims.</u> In its docketing statement, appellant Enbridge states in general terms that "[t]he district court has subject-matter jurisdiction over Enbridge's counter-claims under 28 U.S.C. § 1331, based on the existence of a federal question because the rights being asserted in the counterclaims are memorialized in federal right-of-way easements." This statement is incomplete and incorrect.

Nonetheless, the Band does not dispute that the district court possessed jurisdiction pursuant to 28 U.S.C. § 1331 over the three Enbridge counterclaims that are based on alleged violations of a federal right-of-way easement: Count I, "Breach of Contract and Federal Easement Grant" (Against the Band), Count II, "Breach of Implied Duty of Good Faith and Fair Dealing" (Against the Band), and Count III, "Equitable Easement" (Against the Band). Defs.' Second Am. Answer ("Answer"), Dkt. 146, at 67, 70.

The Band does dispute, however, the completeness and correctness of Enbridge's docketing statement with respect to Enbridge's two remaining counterclaims: Count IV, "Declaratory and Injunctive Relief (Against the Band)," and Count V, "Declaratory and Injunctive Relief (Against Director Tillison)." *Id.* at 71, 75. Those counts do not state any causes of action that provide a basis for district court jurisdiction. *Id.* at 71–78.

Enbridge leveraged those two counterclaims to challenge the validity of the Bad River Band's Clean Water Act Section 401 certification decisions regarding projects proposed by Enbridge. Enbridge asked the district court to order the Band to grant certification and approve those projects, with its claim for relief based not on federal right-of-way easements but purportedly on the Clean Water Act, 33 U.S.C. §1341(a), and the 1977 Transit Treaty between the United States and Canada. Enbridge did not plead these authorities as causes of action in its Answer, nor has it referenced them in its Docketing Statement. *See* Opinion and Order (Public Nuisance Claim and Counterclaims), Dkt. 612, at 14 ("Enbridge did *not* bring a claim in this case challenging a particular permit denial as improper under the Clean Water Act"); *id.* at 15 ("Enbridge did not bring a counterclaim alleging that the Band had violated the Transit Treaty"); Answer ¶¶ 117, 119–20, 135–36. But neither the Clean Water Act nor the Transit Treaty supplies a cause of action that provides federal courts with jurisdiction to review the Band's Clean Water

Act Section 401 certification decisions, let alone to order the relief Enbridge seeks. Federal jurisdiction accordingly does not lie over Enbridge's counterclaims IV and V.

3. <u>Appellate jurisdiction.</u> Appellate jurisdiction exists under 28 U.S.C. § 1291. This appeal is taken from the judgment of United States District Court for the Western District of Wisconsin entered on June 29, 2023, Amended Final Judgment in a Civil Case, Dkt. 689, by the Honorable William M. Conley. That judgment is a final judgment that adjudicates all the claims and counterclaims with respect to all parties. No motions have been filed seeking review or alteration of that judgment. Enbridge filed a Notice of Appeal with the district court on June 30, 2023.

4. <u>Appearance of party in official capacity.</u> Naomi Tillison, sued by Enbridge in her official capacity in Enbridge's counterclaim V, continues to occupy the office of Director of the Mashkiiziibii Natural Resources Department of the Bad River Band.

5. <u>Potential forthcoming notice of cross-appeal by Appellee.</u> The Band is currently engaged in governmental decision-making regarding the potential filing of its own notice of appeal challenging various aspects of the district court's decision.

Dated: July 14, 2023

Respectfully submitted,

/s/ *Riyaz A. Kanji*

| | |
|---|---|
| Erick Arnold<br>BAD RIVER BAND OF THE LAKE SUPERIOR<br>TRIBE OF CHIPPEWA INDIANS OF THE BAD<br>RIVER RESERVATION<br>72682 Maple Street<br>Odanah, Wisconsin 54861<br>attorney@badriver-nsn.gov<br>(715) 682-7107 | Riyaz A. Kanji<br>David A. Giampetroni<br>Christopher Miller<br>Ian P. Fisher<br>KANJI & KATZEN, P.L.L.C.<br>PO Box 3971<br>Ann Arbor, MI 48106<br>rkanji@kanjikatzen.com<br>(734) 769-5400 |

*Counsel for the Bad River Band of the Lake Superior Tribe of Chippewa Indians and Naomi Tillison, Director of the Mashkiiziibii Natural Resources Department of the Bad River Band, in her official capacity*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July 2023, I electronically filed the foregoing document with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Riyaz A. Kanji
Riyaz A. Kanji