Alice E. Loughran
202 429 6202
aloughra@steptoe.com

Steptoe

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

July 1, 2024

Hon. Christopher Conway
Clerk of the Court
U.S. Court of Appeals for the Seventh Circuit
219 S. Dearborn St,
Chicago, IL  60604

> Re:  Response to the Band's Rule 28(j) letter in Nos. 23-2309, 23-2467
> *Bad River Band v. Enbridge Energy Co., et al*.

Dear Mr. Conway:

We write in response to the Band's Rule 28(j) letter of June 26, which directs the Court to a recent disgorgement ruling in *Swinomish Indian Tribal Community v. BNSF Railway*, No. 2:15-cv-00543 (W.D. Wash.). *See* Dkt. 110. The *Swinomish* ruling should not affect this Court's resolution of the issues on appeal.

*First,* the district court in *Swinomish* explicitly recognized that this case presents a different factual record than that in *Swinomish,* one which may reasonably lead to a different outcome: "The Honorable William M. Conley was faced with a situation in which there was no middle option between awarding all profits earned from a 640-mile long pipeline or awarding a proportional share based on the length of the pipeline on plaintiffs' property. The record here [in *Swinomish*] is different and allows for a more nuanced approach." *Swinomish,* Dkt. 260 at 13 n.4, 2024 WL 2274336 at *5 n.4 (W.D. Wash. May 20, 2024).

*Second*, the amount of disgorgement is an equitable matter on which a district court has wide discretion. The Band itself acknowledges in its letter that "equity does not require every court to take precisely the same approach to restitution." Even assuming for purposes of argument that the district court in *Swinomish* acted within the scope of its discretion, it would not follow that the district court here abused its discretion in ordering seven-figure disgorgement instead of the nine figures that the Band demands. As Enbridge demonstrated, Judge Conley did not abuse his discretion by rejecting the Band's proposed "but for" test and instead relying on record evidence of factors, including the equities of the parties' respective positions, that fully justified the

apportionment methodology he adopted. *See* Enbridge's Combined Answering and Reply Brief at 23-27 (filed Nov. 20, 2023).

*Finally,* the *Swinomish* ruling was issued by a district judge in the Ninth Circuit. It should receive no deference from this Court. This is all the more true considering that the final ruling will very likely be appealed and could be reversed by the Ninth Circuit.

    Respectfully,

    /s/ Alice E. Loughran

    Alice E. Loughran
    Mark C. Savignac
    Counsel for Appellants

## CERTIFICATES OF SERVICE AND COMPLIANCE

I certify that this filing is 337 words, and therefore complies with the word limitation imposed by Federal Rule of Appellate Procedure 28(j).

I certify that on July 1, 2024, I caused a true and correct copy of the foregoing letter to be served via the Court's ECF system upon all counsel of record. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

          /s/ Alice E. Loughran
          Alice E. Loughran