Alice E. Loughran
202 429 6202
aloughra@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

January 13, 2026

Hon. Christopher G. Conway
Clerk of the Court
U.S. Court of Appeals for the Seventh Circuit
219 S. Dearborn St.
Chicago, IL  60604

    Re:  28(j) letter in Nos. 23-2309, 23-2467
        *Bad River Band v. Enbridge Energy Co.*

Dear Mr. Conway:

    Enbridge submits this Rule 28(j) letter concerning four developments since the February 2024 oral argument.

    First, in November 2024, the Wisconsin Department of Natural Resources issued the state wetland and waterway permit, water quality certification, and stormwater authorization for Line 5's relocation. Construction is stayed pending a contested administrative proceeding initiated by the Band and others. In October 2025, the U.S. Army Corps of Engineers issued an initial proffered permit, which will be finalized once the stay in the contested proceeding is lifted.

    Second, the parties collaboratively designed and developed a "log jack" revetment project to address erosion at the Meander. In March 2025, after receiving the necessary approvals, Enbridge installed 235 log jacks (composed of tetrahedral cages of large logs) at the Meander. The log jacks have been working well, and no further erosion has resulted at the narrowest portion of the Meander. The Band's permit purports to set a deadline on Enbridge to remove the log jacks no later than September 30, 2026. Enbridge also installed a check valve at the Band's request. Enbridge Supp. Br. 34. Enbridge's recent investments in safety on the Reservation exceed $30 million.

    Third, a Michigan district court held that the foreign affairs doctrine preempts state officials from ordering Line 5's shutdown. *Enbridge Energy v. Whitmer*, 2025 WL 3707609, at **17-22 (W.D. Mich. Dec. 17, 2025) (Jonker, J.). "Both the United States and Canada continue to reiterate … their shared foreign policy position embodied in the Transit Treaty that neither country will do anything to impede the flow of oil [through Line 5] between the two countries … [B]oth countries

agree that a compelled shutdown of Line 5 would conflict with those domestic and foreign policy positions." *Id*. at *18. The same reasoning applies here. Enbridge Supp. Br. 18–22.

      Finally, facing a June 16 shutdown date, Enbridge is not aware of the construction of any new transportation alternatives to replace the products currently delivered by Line 5. Enbridge's Combined Answering and Reply Br. 38–43 (discussing harms from any shutdown); Canada Amicus Br. 7–11 (same); U.S. Amicus Br. 28–32.

Respectfully,

/s/ Alice E. Loughran

Alice E. Loughran


cc:   Counsel for Appellees/Cross Appellants
      Counsel for the Governments of the United States and Canada

## CERTIFICATE OF SERVICE

I, Alice E. Loughran, hereby certify that on January 13, 2026, I electronically filed the foregoing 28(j) letter with the Clerk of the Court of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF System. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                             <u>     Alice E. Loughran         </u> .
                                             Alice E. Loughran
                                             Steptoe LLP
                                             (202) 429-6202